**Wen Fang ZOU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Attorney General Ashcroft, Respondents.**

**No. 02–4238.**

United States Court of Appeals, Second Circuit.

Sept. 23, 2003.

---

1. We note that McIntosh may be able to pursue his claims in state court.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney (Kathy S. Marks and Jeffrey S. Oestericher, Assistant United States Attorneys, and James B. Comey, United States Attorney for the Southern District of New York, on the brief), New York, N.Y., for Respondent, of counsel.

Present: VAN GRAAFEILAND, CABRANES and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration Appeals, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is **DENIED,** and the order of the Board of Immigration Appeals is **AFFIRMED.**

Wen Fang Zou, a citizen of the People's Republic of China, petitions this Court for review of a May 31, 2002 decision of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of removal and ordering her removed to China.[1]

According to Zou's application for asylum and withholding and her testimony before the immigration court, Zou gave birth to two daughters while living in China, the second of which violated the family planning policy and resulted in a fine. In 1989, she allegedly became pregnant again. Zou asserted that Chinese officials forced her to abort this pregnancy and that she fled China four years later in order to escape persecution for violating China's family planning policy. Zou claimed that she had two more children after her arrival in the United States, and that all four of her children now live in China. She also conceded that, in 1994, she obtained a Chinese passport and returned to China for a period of time in order to visit her ailing mother and that she had no trouble with the Chinese authorities during this visit.

On May 1, 1998, an immigration judge ("IJ") issued an oral decision in which she found that Zou was not credible, denied her applications for asylum and for withholding of removal, and ordered her removed from the United States. On May 31, 2001, the BIA dismissed Zou's appeal

1. Because the deportation proceedings began prior to April 1, 1997 and the BIA's decision was issued after October 30, 1996, this Court has jurisdiction to consider Zou's petition for review under the transitional provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309(c)(4), Pub. L. No. 104–208, 110 Stat. 3009–626. *See Diallo v. INS,* 232 F.3d 279, 282 n. 1 (2d Cir.2000).

from the IJ's order in a one sentence, per curiam opinion, thereby rendering the IJ's opinion the final agency determination. *See* 8 C.F.R. § 3.1(a)(7).

An applicant for asylum bears the burden of establishing that she was persecuted or has a well-founded fear of persecution on account of, *inter alia,* her political opinion. 8 U.S.C. §§ 1158(a), 1101(a)(42); *see also Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000). An applicant for withholding of removal bears the even greater burden of establishing that her "life or freedom would be threatened in [the] country because of [her] ... political opinion." 8 U.S.C. § 1231(b)(3)(A). For purposes of asylum and withholding, "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization ... shall be deemed to have been persecuted on account of political opinion," and "a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42). Accordingly, Zou would be eligible for asylum if she had established that she was forced to have an abortion by Chinese officials or that she is likely to be forcibly sterilized or persecuted for refusing sterilization upon her return to China.

When reviewing the denial of an application for asylum, federal courts defer to the immigration court's factual findings as long as they are supported by "substantial evidence." *Diallo,* 232 F.3d at 287; *see also INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Alvarado–Carillo v. INS,* 251 F.3d 44, 49 (2d Cir.2001). In other words, where a party challenges the factual findings of the immigration court, we will disturb that court's

decision only if, on the evidence presented, "no reasonable fact-finder could have failed to find ... past persecution or fear of future persecution." *Diallo,* 232 F.3d at 287. The scope of our review of the immigration court's factual findings is therefore "exceedingly narrow." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Further, we give "particular deference to the credibility determinations of the IJ." *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

We hold that "substantial evidence" existed to support the immigration judge's conclusion that Zou had not been persecuted and that she did not have a well-founded fear of persecution if removed to China. The immigration judge found "serious inconsistencies" in Zou's testimony regarding the events surrounding her alleged forced abortion. Oral Decision of the Immigration Judge, May 1, 1998, at 8. For example, in her written application Zou stated that Chinese officials noticed that she was pregnant with her third child and then came to her house take her for an abortion. However, according to her testimony at the hearing, the officials simply came to take her for a routine checkup and discovered her pregnancy during the examination. The immigration judge also determined that Zou's testimony was "extremely vague and lacking in specific detail except regarding the induced labor," and the judge declined to accept Zou's contention that this vagueness was attributable to memory loss she suffered as a result of a car accident in 1997. *Id.* at 9. The immigration judge declined to credit the testimony of Zou's cousin, who claimed to have been an eyewitness to the events surrounding Zou's forced abortion. The immigration judge explained that "the witness' testimony was extremely hesitant, evasive, and unresponsive and at times the

witness contradicted herself, particularly regarding where the applicant lived and where this incident occurred, at one point indicating it happened at the applicant's house and at another point indicating it happened at the applicant's mother's house." *Id.* at 10. The immigration judge also cited the 1998 State Department Report on country conditions in China, which indicated that consular officials did not find any evidence of forced abortions in the province of China where Zou lived and that they were unaware of any "abortion certificates" resembling the one presented to the immigration court by Zou. *Id.* at 11.

These findings adequately support the immigration judge's decision to discredit the testimony given by Zou and her cousin as well as the documentary evidence Zou presented. Accordingly, substantial evidence existed to support the immigration judge's conclusion that Zou "failed to establish a well-founded fear of persecution or past persecution ... if returned to China," *id.* at 8, and that Zou is therefore ineligible for asylum or withholding of removal.

For the foregoing reasons, the petition for review is hereby DENIED.